The judgment of the court was pronounced by
Eustis, C. J.
The defendants, Valz and De Rham, of New Orleans, were the agents of Coliman & Stalterfoht, of Liverpool, and were in the habit of making advances to Joseph H. Blood, the other defendant, on shipments of produce to the Liverpool house, in 1846 and 1847. The plaintiff Edward Duncan, with Joseph Nash, were employed by Blood as his brokers, in the purchase of produce in New Orleans, and they being anxious to make a shipment of flour, applied to Blood to procure from his friends an advance on the shipment. On application to Valz and De Rham, they refused to make an advance to either Duncan or Nash, but offered to advance on a shipment predicated on the responsibility of Blood alone. This was communicated to Nash, who then requested him to allow the shipment to go forward in his name, and under his responsibility. To which Blood consenting, Duncan and Nash bought two lots of flour, which were shipped to the Liverpool house on consignment. The plaintiff was not only conusant of this arrangement, but earned it into effect. The freight was engaged by Blood, the bills of lading were made out, shipped by J. H. Blood & Co., and consigned to Collman & Stalterfoht; invoices of these shipments, with others made by Blood at the same time, were prepared in the name of Blood, with advices that they be sold on his account and risk. On the delivery of the bills of lading and invoices to Valz and De *12 Sham, the advance was made by them on account of the Liverpool house, which was immediately paid over to the parties by Blood-
The result of the,shipments made by Blood was, that he fell largely in debt at the close of the season to the Liverpool house. Blood bought out Nash’s interest in the adventure, and this suit is for Duncan’s share of the proceeds of the sales of the shipments, less the advance. The Liverpool house and their agents here insist on the right of retaining them, as they are carried to Blood’s credit in account.
The judgment of the district court was against Blood, but in favor of the other defendants, and the appeal has been taken by the plaintiff.
Waiving the question as to the liability of the defendants, Valz and De Sham,, for the retention of the funds by the Liverpool house, let us look for a moment at the contract between the parties. The appellees refused to deal with Duncan or Nash; they would advance to Blood alone on his responsibility. The consignment was to be made, and was made on his account and risk exclu-, sively. The accounts were to be rendered to him alone, and the proceeds subjected exclusively to his order. They have accordingly been applied to the payment of his debts resulting from his shipments — he assenting thereto, and ,the good faith of the Liverpool house being unquestioned. The plaintiff has thought proper to make this disposition of his property. He has his remedy .against Blood, but none against the other parties.
The judgment of the district court is therefore affirmed, with costs.