JUDGE SANDRA CABRINA JENKINS
hln this medical malpractice action, Mario Hurst appeals the trial court’s July 1, 2016 judgment granting the Exception of Prescription filed by appellees, the State of Louisiana and Dr. Heather Murphy La-voie. For the reasons that follow, we affirm the trial court’s judgment.
JURISDICTION
“Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue.” Moon v. City of New Orleans, 15-1092, 15-1093 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. This court “cannot reach the merits of an appeal unless our appellate jurisdiction has been properly invoked by a valid final judgment.” Id. A valid final judgment is “one that determines the merits in whole or in part and is identified as such by appropriate language.” Id., 15-1092, pp. 5-6, 190 So.3d at 425 (citing La. C.C.P. arts. 1841, 1918). “ ‘A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.’ ” Id., 15-1092, p. 6, 190 So.3d at 425 (quoting Mid City Holdings, 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910). “The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a proper judgment.” Id. “The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Id.
In this matter, the July 1, 2016 judgment from which Mr. Hurst appeals states as follows:
This matter came for hearing on Defendants’ Exception of Prescription on the 1st day of July, 2016.
PRESENT: Kelli M. Khalaf, Attorney for Defendants, State of Louisiana, Louisiana State University Health - Sciences Center and Dr. Heather Murphy Lavoie
Mario Hurst, Plaintiff, in proper person
After hearing the pleadings, evidence, applicable law, and argument of counsel, the Court granted the Defendants’ Exception of Prescription for the reasons orally assigned, and accordingly,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants’ Exception of Prescription is hereby granted.
We find that this judgment lacks definitive decretal language necessary for the exercise of our appellate jurisdiction. We cannot determine from the face of the judgment whether the granting of the Ex *125 ception of Prescription results in the dismissal of all or some of Mr. Hurst’s claims. Although reference to the transcript suggests that the trial court intended to dismiss Mr. Hurst’s case, such relief was not granted in the written judgment. In the absence of decretal language specifying the relief granted, the July 1, 2016 judgment cannot be considered a final, appeal-able judgment. Hence, this court lacks jurisdiction to consider the merits of Mr. Hurst’s appeal.
“This court has converted appeals of non-appealable interlocutory judgments to applications for supervisory writs in cases where the appeals were filed within lathe 30-day period allowed for the filing of applications for supervisory review.” In re Medical Review Panel of Williams v. EMSA Louisiana, 15-1178, pp. 2-3 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 423. In this matter, Mr. Hurst’s petition for appeal was filed within 30 days of the July 1, 2016 judgment granting appellees’ Exception of Prescription. Accordingly, we will convert the appeal of the judgment to an application for supervisory writs, grant the writ, and consider it under our supervisory jurisdiction.
We now turn to the merits of the substantive issue before us.
FACTS AND PROCEDURAL HISTORY
On May 21, 2013, Mr. Hurst arrived at the emergency department at University Medical Center in New Orleans, where he was seen by Dr. Lavoie, who supervised the health care team. Mr. Hurst complained of a cough with occasional streaks of blood in the phlegm, decreased appetite, occasional blood in the stool, and “left chest pain for several years that originate[d] in left side of throat and radiate[d] to chest.”
Mr. Hurst testified in his deposition that, after seeing Dr. Lavoie, he went to another building across the street where he was seen by Dr. Thomas Clay Crouch, who was a resident. Mr. Hurst complained only of cold symptoms, including a cough and chills. Mr. Hurst’s medical records show that Dr. Crouch ordered various tests, including a chest x-ray, an EKG, blood work, a urine screen, and a stool sample.
Mr. Hurst’s medical records from May 21, 2013 show that his final diagnosis was an upper respiratory infection and a cough. Mr. Hurst was instructed to see his primary care physician for a recheck and routine health maintenance. Dr. Lavoie discharged Mr. Hurst “in good condition.”
|40n July 13, 2015, Mr. Hurst filed a medical malpractice complaint based on the May 21, 2013 visit to Dr. Lavoie. Mr. Hurst alleged negligence based on lack of testing and failure to diagnose his chest pain. Mr. Hurst stated in his complaint that the “discovery date” for the alleged malpractice was January 1, 2015, when the pain in his left chest became “unbearably worse.”
On April 13, 2016, appellees filed an Exception of Prescription, asserting that Mr. Hurst’s medical malpractice claims were barred by prescription because Mr. Hurst did not file his complaint until July 13, 2015, more than two years after the date of the alleged malpractice.
After a hearing at which Mr. Hurst testified, the trial court signed a July 1, 2016 judgment granting appellees’ Exception of Prescription.
DISCUSSION
Standard of Review
 “When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the *126 exception, the trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review” Specialized Loan Servicing, L.L.C. v. January, 12-2668, pp, 3-4 (La. 6/28/13), 119 So.3d 582, 584. “The relevant issue in a manifest error inquiry is not whether the finder of fact was right or wrong, but whether its decision was a reasonable one.” Marino v. Tenet Healthsystem Med. Ctr., 09-0915, p, 4 (La.App. 4 Cir. 11/24/09), 26 So.3d 297, 300.
Prescriptive Periods for Medical Malpractice Actions
Under La. R.S. 9:5628, there are two prescriptive periods within which to bring a medical malpractice action, one. year from the date of the alleged act, omission, or neglect, or one year from the date of discovery. Santiago v. Tulane Univ. Hosp. & Clinic, 12-1095, p. 8 (La. App. 4 Cir. 4/24/13), 115 So.3d 675, 681 (citing La. R.S. 9:5628(A)). The outermost window for filing a malpractice case, regardless of the date of discovery, is three years. Id.
“Ordinarily, the movant bears the burden of proof on the trial of the peremptory exception of prescription.” Ferguson v. Sugar, 05-0921, 05-0922 (La. App. 4 Cir. 6/25/08), 988 So.2d 816, 824. The burden remains with the movant where the plaintiffs petition makes “a prima facie showing” that the suit was filed within the delays set forth in La. R.S. 9:5628. Id. “A petition should not be found prescribed'on its face if it is brought within one year of the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of the malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the [plaintiff].” Id. (citing Campo v. Correa, 01-2707, p. 9 (La. 6/21/02), 828 So.2d 502, 509) (emphasis added). If, however, the petition on its face reveals that prescription has run, the burden shifts to the plaintiff to show that his action has not prescribed. Id.
In his complaint before the medical review painel, Mr. Hurst alleged that the single act of malpractice by Dr. Lavoie occurred on" May 21, 2013; Mr. Hurst filed his complaint on July 13, 2015. In his complaint, Hurst stated that the “date of discovery” of the alleged malpractice was January 1, 2015. Mr. Hurst’s complaint, however, sets forth no “facts alleged with particularity ... to show that [he] was unaware of the malpractice prior to the alleged date of discovery.” See Campo, 01-2707, p. 9, 828 So.2d at 509. Because Mr. Hurst’s complaint was filed more than one year after the date of the alleged malpractice, his complaint, on its face, is | (¡prescribed. Accordingly, the burden shifted to Mr. Hurst to show' that his action is not prescribed. Ferguson, 05-0921, p. 9, 988 So.2d at 824.
The Louisiana Supreme Court, in discussing the discovery rule in relation to a medical malpractice action, has defined the date of discovery for purposes of tolling the prescriptive period:
Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have- actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is .epough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as *127 ought to reasonably put the alleged victim on.inquiry is sufficient to start running of prescription.
Campo, 01-2707, pp. 11-12, 828 So.2d at 510-11 (internal citations omitted).
At the trial of the Exception of Prescription, the court asked Mr. Hurst why it took him two years to file his medical malpractice action:[1]
THE WITNESS:
I didn’t have — I didn’t have concrete knowledge of what was going on here in my chest.
THE COURT:
When did you find out?
THE WITNESS:
I talk, around say like August of 2014. I was kind of — kind of seeing somebody about, you know, working. And I may have been exposed to some chemicals, thing that — that much. And when I spoke with some lawyers dealing with that concern, which was not related to the malpractice, then dealing with the chemicals, I went to this lawyer that was dealing with that. She explained to me that my case sounded like malpractice. ... However, after I was informed of malpractice, I had to do more research. And that’s why I found out that it goes as |7far as when someone doesn’t do something. However I still didn’t have concrete knowledge of what was going on. And I decided, I said I’m going to file it by July, whether I get the diagnosis to be something or not, I’m going to just file it.
The court then asked Mr. Hurst if he had any “medical reports, anything to.indicate when you found out about your condition.” Mr. Hurst responded, “No, sir.”
Based on our review of the record, we find that Mr. Hurst failed to satisfy his burden of proving when he discovered his medical malpractice claims. We find no manifest error in the trial court’s judgment granting appellees’ Exception of Prescription.
Conclusion
Mr. Hurst’s medical malpractice complaint was filed on July 13, 2015, more than one year after the alleged act of malpractice. Although the complaint states that the “date of discovery” was January' 1, 2015, Mr. Hurst did not allege facts “with particularity ... to show that [he] was unaware of the malpractice prior to the date alleged date of discovery.” See Campo, 01-2707, p. 9, 828 So.2d at 509. Mr. Hurst, therefore, had the burden of showing why his claims were not prescribed. Based on our review of the record, we find that Mr. Hurst failed to satisfy his burden of proof.
Accordingly, we exercise our discretion to convert Mr. Hurst’s appeal to an application for supervisory writs, and grant the writ. Finding no manifest error, we affirm the trial court’s July 1, 2016 judgment granting appellees’ Exception of Prescription.
APPEAL CONVERTED TO WRIT APPLICATION; WRIT GRANTED; RELIEF DENIED

. Although Mr. Hurst makes detailed factual allegations in his brief about why he did not discover the alleged malpractice until January 1, 2015, we note that "[alppellate briefs are not a part of the record on appeal, and this court has no authority to consider facts referred to in appellate briefs if those facts are not in the record on appeal.” Cozzy Spot, LLC v. City of New Orleans, 16-0529, p. 4 (La.App. 4 Cir. 1/11/17), 209 So.3d 224, 227.