In the present matter, Appellees contend that the Chinese pistachio trees at issue in this appeal were planted between 1996 and 1998. Appellees deny that the building has sustained any damage caused by the trees, but argue that Appellant "acquired or should have acquired knowledge of the damage caused by the trees in September 2000," during the pendency of the earlier lawsuit. Appellees argue further that this is a delictual action involving an immovable property subject to one (1)
*849 year liberative prescription;[2] therefore, Appellant's claim has prescribed because the present suit was filed more than ten (10) years after Appellant acquired or should have acquired knowledge of the damage.
Appellant asserts that, in 1998, the Chinese pistachio trees were planted as saplings and were small, young trees during the pendency of the earlier suit. Appellant further asserts that at issue in this suit is new damage along the Julia Street side of the building where the roots of the now-mature Chinese pistachio trees have reached and damaged the building's foundation. By contrast, the damage in the earlier suit was on the St. Charles side of the building.
On April 27, 2017, Appellees filed a joint exception of prescription. On August 21, 2017, the trial court rendered judgment with incorporated reasons maintaining the exception and dismissing Appellant's claims. It is from this judgment that Appellant appeals.
DISCUSSION
Appellant raises the following assignments of error:
1. Whether the trial court committed manifest error in maintaining Appellees' joint exception of prescription, because Appellees did not introduce any evidence into the record to support its exception? Accordingly, in the absence of evidence, the joint exception of prescription must be decided solely on the facts alleged in Appellant's petition.
2. Alternatively, if this court finds that Appellees did, in fact, introduce evidence into the record, whether the trial court committed manifest error in maintaining Appellees' joint exception of prescription, because there is no evidence that the Chinese pistachio trees, planted as saplings along the Julia Street side of the building between 1996-1998, had the potential to damage the building prior to 2000?
Standard of Review
This Court, in Wells Fargo Fin. Louisiana, Inc. v. Galloway , reasoned that:
[a] peremptory exception generally raises a purely legal question. See Metairie III v. Poche' Const., Inc., [20]10-0353, p. 3 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449. Nonetheless, evidence may be introduced in the trial court to support or controvert a peremptory exception of prescription. See La. C.C.P. art. 931 (providing that "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition"). The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. State v. Thompson , [20]16-0409, p. 18 (La. App. 4 Cir. 11/23/16), 204 So.3d 1019, 1031 (citing Miralda v. Gonzalez , [20]14-0888, pp. 17-18 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1009 ).
When no evidence is introduced, "the judgment is reviewed simply to determine whether the trial court's decision was legally correct." Arton v. Tedesco , [20]14-1281, p. 3 (La. App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128.
2017-0413, pp. 7-8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800.
*850 Additionally, the Louisiana Supreme Court stated that "[i]n the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true." Denoux v. Vessel Mgmt. Servs., Inc. , 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. "[T]he standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." Felix v. Safeway Ins. Co. , 2015-0701, p. 6 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 631.
Analysis
Presently, Appellant argues that similar to Denoux v. Vessel Mgmt. Servs., Inc. , Appellees in the instant matter "failed to formally admit any evidence" at the hearing on the exception of prescription. Denoux, 2007-2143, p.5 (La. 5/21/08), 983 So.2d at 88. In Denoux, the Louisiana Supreme Court explained that "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." Id. Further, the "[a]ppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." Id. ; La. C. Civ. P. art. 2164. The Louisiana Supreme Court also explained that "[f]ailure to adequately prepare the record by neglecting to offer matters into evidence can alter the outcome of a case, especially in an exception of prescription ..." Cichirillo v. Avondale Indus., 2004-2894, p. 5 La. 11/29/05, 917 So.2d 424, 428, n. 7.
In response, Appellees argue that there was no need to formally introduce evidence into the record at the hearing on the exception of prescription because the evidence, as attached to their memoranda, was made part of the appellate record and was relied on by the trial court. To advance their position, Appellees rely on Fontaine v. Roman Catholic Church of Archdiocese of New Orleans , 625 So.2d 548, 554 (La. App. 4th Cir. 1993), a case in which this Court was "convinced" that a matter was prescribed by relying on evidence not properly introduced into the record and citing "[j]udicial economy and logic." Despite the fact that Fontaine has not yet been expressly overruled, it is evident that the Louisiana Supreme Court, via Denoux and Cichirillo , has departed from Fontaine .
Appellees also rely on Hunt Petroleum Corp. v. Texaco, Inc. , 2004-0729 (La. App. 4 Cir. 12/1/04), 891 So.2d 36, for the same assertion. However, Hunt concerned a motion for summary judgment. The Louisiana Supreme Court in Cichirillo , clarified difference in considering evidence in support of a motion for summary judgment, as opposed to evidence in support of a peremptory exception of prescription. The Court stated the following:
[t]he failure to appropriately file exhibits into evidence is problematic. Some confusion apparently arises due to the differences in a court's consideration of motions for summary judgment and peremptory exceptions. In considering a motion for summary judgment, the court shall render judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966. Appellate review of motions for summary judgment is de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1992). Thus, the appellate court considers the pleadings, depositions, answers *851 to interrogatories, admissions on file, and any affidavits submitted by the parties.
On the other hand, at the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." LSA-C.C.P. art. 931. Appellate review of the record following a hearing on exceptions is governed by manifest error when evidence has been introduced at the hearing. Carter v. Haygood, [20] 04-0646, p. 9 (La. 1/19/05), 892 So.2d 1261, 1267 ; Perez v. Trahant, 2000-2372 (La. App. 1 Cir. 12/28/01), 806 So.2d 110, writs denied, [20]02-0847, [20]02-0901 (La. 8/30/02), 823 So.2d 953. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. Waguespack v. Judge, [20]04-0137 (La. App. 5 Cir. 6/29/04), 877 So.2d 1090.
Cichirillo , 2004-2894, 917 So.2d at 428, n. 7.
Appellees further argue that even if they did not formally introduce evidence into the record, Appellant waived its ability to object when it failed to timely object to the evidence that was attached to the memoranda and presented to and considered by the trial court, at the time of the hearing on the exception. In response, Appellant argues that because Appellees failed to formally introduce any evidence into the record at the hearing, there was no occasion to object. See In re Med. Review Panel on Behalf of Laurent , 1994-1661, p. 17 (La. App. 1 Cir. 6/23/95), 657 So.2d 713, 724 ("It is a well-established rule of law that an objection to evidence must be made at the time of its offering ....") [emphasis added].
Based on the aforementioned jurisprudence, we agree with Appellant's position and find that because Appellees failed to formally introduce or offer any evidence into the record at the hearing on the exception of prescription, there was no occasion for Appellant to object; therefore, we must accept the facts alleged in Appellant's petition as true. In doing so, we find that the bare allegations contained in Appellant's petition are sufficient to overcome the exception of prescription. Appellees did not meet their burden of proof that Appellant's claim had prescribed on the face of the petition.
Based on our findings regarding Appellant's first assignment of error, we pretermit discussion of Appellant's second assignment of error.
DECREE
For the foregoing reasons, we reverse the trial court's granting of Appellees' joint exception of prescription and remand this matter for further proceedings.
REVERSED AND REMANDED

La. C.C. art 3493 provides that "[w]hen damage is caused to immovable property, the one-year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."