PAMELA FISHER       *       NO. 2019-CA-0846

VERSUS       *

      COURT OF APPEAL

THE BLOOD CENTER AND       *
ABC INSURANCE COMPANY       FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01183, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Paula A. Brown, Judge Dale N. Atkins)

Michelle Hazelett Hesni
LAW OFFICE OF MICHELLE H. HESNI, PLC
412 Dolhonde Street
Gretna, LA 70053

      COUNSEL FOR PLAINTIFF/APPELLANT

L. David Adams
C. William Bradley, Jr.
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

      COUNSEL FOR DEFENDANT/APPELLEE

           **VACATED AND REMANDED**
           **February 12, 2020**

This is a medical malpractice action. Plaintiff/Appellant, Pamela Fisher ("Ms. Fisher"), appeals the district court's judgment granting the exception of prescription filed on behalf of Defendant/Appellee, The Blood Center. For the reasons that follow, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

On December 23, 2016, Ms. Fisher donated blood at the Blood Center. Immediately before the actual donation, an employee of The Blood Center "pricked" Ms. Fisher's finger to obtain a blood sample. Several days later, Ms. Fisher experienced pain and swelling in her finger.

Ms. Fisher filed a complaint on December 21, 2017, with the Patient Compensation Fund, Division of Administration (the "PCF"), requesting a Medical Review Panel ("MRP"), wherein she named The New Orleans Blood Bank (the "Blood Bank") as the entity that had provided the substandard care.

On February 6, 2018, Ms. Fisher filed a petition for damages in Civil District Court (the "Petition") against The Blood Center, alleging she sustained injuries on December 23, 2016, due to the negligence of The Blood Center's

1

employee who pricked her finger. Ms. Fisher further alleged that she timely requested a MRP and was "notified by letter dated January 4, 2018, from the Division of Administration, that [The Blood Center] w[as] not qualified under the provisions of Louisiana Revised Statute 40:1237.2."

In response, The Blood Center filed an exception of prematurity. The Blood Center argued Ms. Fisher's Petition was premature as Ms. Fisher had never presented a malpractice complaint against The Blood Center[1] with the PCF in accord with La. R.S. 40:1231.8(A)(1)(a) and (B)(1)(a)(i).[2] On July 2, 2018, the district court executed a consent judgment entered into between the parties which maintained the exception of prematurity and dismissed Ms. Fisher's Petition without prejudice.

On June 14, 2018, Ms. Fisher filed a complaint with the PCF against The Blood Center, requesting a MRP, and an amended complaint with the PCF on August 23, 2018. In response, on September 17, 2018, the Blood Center filed an exception of prescription. The Blood Center contended Ms. Fisher's complaint filed against The Blood Center with the PCF was prescribed on its face as the complaint was filed more than a year since the date of the alleged malpractice.

The district court heard The Blood Center's exception of prescription on May 31, 2019. At the conclusion of argument, the district court granted the exception of prescription, dismissing Ms. Fisher's case with prejudice.

---

[1] Ms. Harris' first complaint filed with the PCF was filed against The New Orleans Blood Bank.

[2] La. R.S. 40:1231.8(A)(1)(a) provides, in pertinent part, that "[a]ll malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section;" and La. R.S. 40:1231.8(B)(1)(a)(i) states that "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been present to a medical review panel established pursuant to this Section."

This devolutive appeal followed.

## STANDARD OF REVIEW

This Court, in *639 Julia Street Partners v. City of New Orleans*, 2017-0940, p. 4 (La. App. 4 Cir. 5/2/18), 246 So.3d 847, 849, quoting *Wells Fargo Fin. Louisiana, Inc. v. Galloway,* 2017-0413, pp. 7-8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800, explained:

> [a] peremptory exception generally raises a purely legal question. *See Metairie III v. Poche' Const., Inc.,* [20]10-0353, p. 3 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449. Nonetheless, evidence may be introduced in the trial court to support or controvert a peremptory exception of prescription. *See* La. C.C.P. art. 931 (providing that "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition"). The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *State v. Thompson*, [20]16-0409, p. 18 (La. App. 4 Cir. 11/23/16), 204 So.3d 1019, 1031 (citing *Miralda v. Gonzalez*, [20]14-0888, pp. 17-18 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1009).

When evidence is introduce at the hearing on an exception of prescription, the district court's findings of fact are reviewed subject to the manifest error-clearly wrong standard of review. *In re Medical Review Panel of Hurst*, 2016-0934, p. 4 (La. App. 4 Cir. 5/3/17), 220 So.3d 121, 125-126. Under the manifest error standard, well-settled jurisprudence provides that "[i]f the trial court's or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. . ." *Stobart v. State, Dep't of Trans. And Dev.*, 617 So.2d 880, 882-883 (La. 1993). When no evidence is introduced, the exception of prescription is decided on the facts pled in the petition, which are accepted as true, and "the judgment is reviewed simply to determine whether the trial court's decision was legally correct." *639 Julia Street*, 2017-0940, p. 4, 246

So.3d at 849, (citing *Arton v. Tedesco*, [20]14-1281, p. 3 (La. App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128). "[T]he standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *639 Julia Street*, 2017-0940, p. 4, 246 So.3d at 850, (citing *Felix v. Safeway Ins. Co.*, 2015-0701, p. 6 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 631)).

## DISCUSSION

*Prescriptive Period for Medical Malpractice Actions*

As referenced in *In re Benoit*, 2017-0802, p. 6 (La. App. 4 Cir. 4/11/18), 244 So.3d 44, 49, *writ denied*, 2018-0761 (La. 9/21/18), 252 So.3d 898, La. R.S. 9:5628(A) imposes a three-year deadline in which to file a medical malpractice claim. La. R.S. 9:5628(A) provides, in pertinent part, the following:

> No action for damages for injury or death against any physician . . . whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect, however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.

"Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo v. Correa*, 2001-2707, pp. 11-12 (La. 6/21/02), 828 So.2d 502, 510. Accordingly, a plaintiff need not have actual knowledge—constructive knowledge that excites attention and places the "injured party on guard and call for inquiry" is sufficient to trigger the running of prescription. *Id*. at p. 12, 828 So.2d at 510-11.

4

Ordinarily, the mover bears the burden of proof at the trial on the exception of prescription. *Hurst*, 2016-0934, p. 5, 220 So.3d at 126. "If, however, the petition on its face reveals that prescription has run, the burden of proof shifts to the plaintiff to show his action has not prescribed." *Id.* (citations omitted).

*Assignments of Error*

Ms. Fisher argues the district court erred in the following respects: (1) sustaining The Blood Center's exception of prescription despite The Blood Center's failure to introduce evidence in the record in support of its exception; (2) sustaining The Blood Center's exception of prescription despite Ms. Fisher's timely assertion of her claim within one year of discovery of the malpractice; and (3) failing to apply the doctrine of *contra non valentum*. We will address each assigned error in turn.

*Failure to Introduce Evidence*

Ms. Fisher contends there is no petition in the record. She argues The Blood Center's exception of prescription is based on her complaint against The Blood Center filed with the PCF, requesting a MRP. Ms. Fisher urges The Blood Center did not prove the complaint filed with the PCF against The Blood Center was prescribed on its face because it failed to introduce the complaint into evidence. Although the PCP complaint was attached to the Blood Center's memorandum as an exhibit, Ms. Fisher argues that exhibits not properly introduced into evidence cannot be reviewed by this Court. In support, Ms. Fisher cites *639 Julia Street*, *supra*.

In *639 Julia Street*, the property owner filed a negligence suit in 2011 against the City of New Orleans and others for damages allegedly caused by trees planted near the property owner's building. Defendants filed an exception of

5

prescription contending the property owner had knowledge of the damages as early as 2000; as such, based on the one-year liberative prescriptive period, the property owner's action had prescribed. In opposition, the property owner argued Defendants had failed to formally admit any evidence into the record at the hearing on the exception. Citing *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 5 (La. 5/21/08), 983 So.2d 84, 88, this Court espoused that "[e]vidence not properly and officially offered and introduced cannot be considered, even it if is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *639 Julia Street,* 2017-0940, p. 5, 246 So.3d at 850. The Court concluded Defendants had failed to meet their burden of proof to show the property owner's claim had prescribed on the face of the petition. As such, the Court reversed the district court's judgment granting the exception of prescription. Likewise, Ms. Fisher argues this Court should reach a similar result.

In response, The Blood Center argues, notwithstanding its failure to introduce evidence, other pleadings contained in the district court and appellate court record, such as Ms. Fisher's Petition, the consent judgment maintaining The Blood Center's exception of prematurity, along with declarations made in Ms. Fisher's appellate brief and opposition memorandum to the exception of prescription constitute judicial confessions[3] sufficient to shift the burden of proof to Ms. Fisher to show that her complaint filed with the PCF was timely filed. We disagree.

---

[3] La. C.C. art. 1853 provides, in pertinent part, that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it."

In the case *sub judice*, The Blood Center's exception of prescription was based on the complaint Ms. Fisher filed with the PCF against The Blood Center. No evidence, particularly the complaint at issue, was formally introduced by The Blood Center at the hearing on the exception in support of its assertion that the complaint Ms. Fisher filed against The Blood Center was in fact prescribed on its face. As discussed *supra*, documents attached to The Blood Center's memorandum are not evidence and cannot be considered by this court. Absent any evidence to the contrary, we conclude The Blood Center failed to make a *prima facie* showing that Ms. Fisher's complaint filed with the PCF was not filed within the delays allowed pursuant to La. R.S. 9:5628(A); and the appellate record is insufficient to support the district court's ruling sustaining The Blood Center's exception of prescription. This assignment of error has merit.

Having found The Blood Center failed to meet its burden of proof, we pretermit discussion of Ms. Fisher's other assignment of errors.

## CONCLUSION

Based on the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with opinion.

**VACATED AND REMANDED**