508 So.2d 857 (1987)
BORG-WARNER ACCEPTANCE CORPORATION Through BORG-WARNER LEASING, a Division Thereof
v.
WHITLOW TRUCK CENTER, INC., and Otis J. Whitlow.
No. 87-CA-126.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1987.
*858 John E. Peltier, Jr., New Orleans, for plaintiff-appellant.
Michael V. Clegg, Baton Rouge, for defendant-appellee.
Before CHEHARDY, C.J., and GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
The plaintiff in this case obtained judgment in its favor granting the relief sought, but the judgment is technically defective and may be unenforceable against the defendant. Accordingly, the plaintiff has appealed to protect its interests.
On February 6,1982, Borg-Warner Leasing, a Division of Borg-Warner Acceptance Corporation, leased computer equipment to Whitlow Truck Center, Inc., for a term of 84 months, with rental payments of $2,329.66 per month. Four months later, Whitlow Truck Center filed for relief under Chapter 11 of the Bankruptcy Code and later formally rejected the lease. As a result, the Bankruptcy Court formally modified its stay order to allow Borg-Warner to take action in state court to regain possession of the leased property.
The present suit followed. Borg-Warner Acceptance Corporation, through its Leasing Division, filed suit against Whitlow Truck Center, Inc. and Otis J. Whitlow for breach of the computer lease and for sequestration of the equipment. Plaintiff sought an in rem judgment against Whitlow Truck Center to compel return of the equipment and a money judgment against Otis Whitlow based on his personal guaranty of the computer lease. Plaintiff's motion for summary judgment to be declared owner of the leased property was granted by consent and is not at issue.
Plaintiff subsequently propounded a request for admissions to the individual defendant, Otis J. Whitlow, whose answers settled all issues except the amount for which he would be cast in judgment. The matter was tried on May 5, 1986. On June 24, 1986, the trial court rendered judgment in favor of plaintiff in the amount of $92,823.25, plus interest from date of judicial demand. That judgment, however, did not name the defendant against whom it was rendered.
On June 30, 1986, without the benefit of a motion for new trial, the trial court amended its judgment to state expressly that Otis J. Whitlow was the party cast. The plaintiff has appealed from the judgment of June 24, 1986.
As recognized by plaintiff, the trial judge was without authority to amend *859 the June 24, 1986, judgment to add the name of the defendant cast, because such an amendment alters the substance of the judgment. Levy v. Stelly, 230 So.2d 774 (La.App. 4 Cir.1970). A trial court may not amend the substance of a final judgment without granting a new trial. LSA-C.C.P. arts. 1951, 1971; Consolidated Credit Corp. of Baton Rouge v. Forkner, 219 So.2d 213 (La.App. 1 Cir.1969). In the absence of a timely-granted new trial, the only other method for amending the substance of a final judgment is by appeal. Villaume v. Villaume, 363 So.2d 448 (La. 1978). Accordingly, the judgment of June 30, 1986, is null.
As the plaintiff further points out, the original judgment of June 24, 1986, is legally incorrect and unenforceable because it did not name the defendant cast. The failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced.
The plaintiff envisions a scenario in which a sheriff directed to seize Otis Whitlow's property would have to act as a judge to determine whether Otis Whitlow, although unnamed in the judgment, was the party cast. As plaintiff states, this would impose a discretionary nonministerial duty on the sheriff and would require a member of the executive branch to exercise judicial powers. See Emery v. Martel, 10 So.2d 267 (Orl.App.1942).
For the foregoing reasons, the judgment of June 30, 1986, is vacated. The judgment of June 24, 1986, is amended to include the name of the defendant cast in judgment, Otis J. Whitlow; as amended, the judgment is affirmed and is recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Borg-Warner Acceptance Corporation, and against the defendant, Otis J. Whitlow, in the amount of NINETY-TWO THOUSAND EIGHT HUNDRED TWENTY-THREE AND TWENTY-FIVE HUNDREDTHS DOLLARS ($92,823.25), plus interest from date of judicial demand, and for all costs."
The costs of this appeal are assessed against Otis J. Whitlow.
JUDGMENT OF JUNE 30, 1986, VACATED; JUDGMENT OF JUNE 24, 1986, AMENDED, AFFIRMED AND RECAST.