ROBERT M. MURPHY, Judge.
Plaintiff-appellant, Christine Caminita, appeals a judgment signed by the trial court on September 18, 2014, which purportedly makes the jury’s verdict the judgment of the trial court. For the reasons that follow, we find that the judgment on appeal is not a valid, final judgment. Accordingly, we dismiss this appeal without prejudice and remand this matter to the trial court so that a proper final judgment may be rendered.
PROCEDURAL HISTORY
This matter arises out of a rear-end collision on February 13, 2012, in which a vehicle driven by plaintiff, Michelle O’Re-gan, with Ms. Caminita in the front passenger seat, was struck, from behind by a vehicle driven by defendant-appellee, Laura Cashio. On March 14, 2012, Ms. Cami-nita and Ms. O’Regan filed a petition for damages alleging personal injuries arising out of the collision against defendants-ap-pellees, Ms. Cashio and her insurer, USAA Casualty Insurance Company (“USAA”).[1] In their petition, Ms. Caminita and Ms. O’Regan also asserted claims against defendant, State Farm Mutual Automobile Insurance Company (Ms. O’Regan’s insurer), and Ms. Caminita asserted a claim against defendant-appellee, General Insurance Company of America (Ms. Caminita’s insurer).[2]
On January 16, 2013, Ms. O’Regan’s claims against Ms. Cashio and USAA were dismissed with prejudice. Ms. Caminita’s claims against Ms. Cashio, USAA, and General Insurance Company of America proceeded to a three-day jury trial on September 8, 9, and 10, 2014. State Farm did not make an appearance at trial. After the conclusion of trial on September 10, 2014, the jury returned a verdict in favor of Ms. Caminita in the amount of $3,719.20. On September 18, 2014, the trial court signed a judgment providing as follows:
This CAUSE came for trial on September 8-10, 2014. A jury of twelve (12) people was impaneled and sworn to try this cause. After hearing the evidence, the arguments of counsel, and the instructions of the Court, the jury retired to consider its verdict, and subsequently returned the instructions of the Court, and rendered the verdict in favor of plaintiff, Christine Caminita, and against defendants, in the amount of the [sic] $3,719.20, plus interest from the date of júdicial demand, and costs to be determined.
WHEREFORE, by “virtue of the law and the verdict of the jury,”
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the jury verdict is the judgment of this Court.
On October 10, 2014, Ms. Caminita filed a motion and order of dismissal with prejudice as to her claim against State Farm, which the trial court signed that same day.[3] Ms. Caminita also filed a motion for new trial regarding the September 18, 2014 judgment of the trial court. The trial court denied Ms. Caminita’s motion for *887 new trial on December 16, 2014, and her appeal of the September 18, 2014 judgment now follows.
LAW AND DISCUSSION
After a trial by jury, La. C.C.P. art. 1916(A) requires a “judgment” as follows:
After a trial by jury, the court shall prepare and sign a judgment in accordance with the verdict of the jury "within ten days of the rendition of the verdict, or the court may order counsel for' a party in the case to prepare and submit a judgment to the court for signature within ten days of the rendition of the verdict, in accordance with the rules for Louisiana district courts.
In Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La.App. 5 Cir 10/29/10), 52 So.3d 909, this Court held as follows regarding the requirements of a valid, final judgment:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” La. C.C.P. art. 1841. This court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C., 09-247 (La.App. 5 Cir. 10/29/09), 28 So.3d 391, 393 (citations omitted). “A final judgment shall be identified as such by appropriate language.” La. C.C.P. art. 1918.
A valid judgment must be precise, definite and certain. The decree alone indicates the decision. The result decreed must be spelled out in lucid, unmistakable language. South St. Lumber Co. v. Dickerson, 235 La. 1062, 106 So.2d 513, 515 (La.1958). The quality of definiteness is essential to a proper judgment. Russo v. Fidelity & Deposit Co., 129 La. 554, 56 So. 506, 508 (La.1911).
A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Additionally, the failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced. Borg-Warner Acceptance Corp. Through Borg-Warner Leasing v. Whitlow Truck Center, Inc., 508 So.2d 857, 859 (La.App. 5 Cir.1987).
(Citations omitted) (emphasis added).
In this case, the purported September 18, 2014 “judgment” on appeal lacks sufficient decretal language in that it fails to identify the defendants against whom the judgment was rendered.. Given that this case .involves multiple defendants, we find that the failure to name those defendants renders the “judgment” fatally defective because one cannot diseerp from its face against whom the judgment may be enforced. See Id. at 916. Accordingly, we find that the September 18, 2014 “judgment” is not a valid, final judgment, and therefore, this Court lacks jurisdiction to consider the merits of Ms. Caminita’s appeal.
Moreover, we note that Ms. Caminita filed a motion for new trial regarding the September 18, 2014 “judgment.” Because Ms. Caminita’s motion for new trial was based upon on an invalid judgment, we find the trial court’s December 16, 2014 denial, of her motion to be without legal effect.
*888 CONCLUSION
Because this - Court lacks jurisdiction in the absence of a valid, final judgment, we dismiss this appeal without prejudice, and remand the matter to the trial court so that a proper final judgment may be rendered.

APPEAL DISMISSED: CASE REMANDED

. In its answer, USAA provided that plaintiffs’ petition improperly referred to it as “USAA Insurance Agency, Inc,”

. In its answer, General Insurance Company of America provided that plaintiffs' petition improperly referred to it as "Safeco Insurance Company.”

. We note that our review of the record fails to show that Ms. O’Regan similarly dismissed her claim asserted against State Farm, as neither the January 16, 2013 order of dismissal, nor the October 10, 2014 order of dismissal, refer to Ms. O’Regan’s claim against State Farm.