SANDRA CABRINA JENKINS, Judge.
hln two consolidated lawsuits, plaintiffs filed petitions for preliminary and permanent injunction, writ of mandamus, and declaratory judgment, seeking to prohibit the City of New Orleans, the Mayor, and the City Council (collectively, defendants) from issuing Certificates of Public Necessity and Convenience (CPNC) for limousines to any applicant .who failed to submit proof of a fidelity bbnd as required by the Code of the City of New Orleans;[1]. The City, on behalf of all named defendants, filed peremptory exceptions of no right of action, nonjoinder of a party, and no cause of action.-. Following a hearing on the City’s exceptions, the trial court signed a judgment on August-14, 2015, stating “the exceptions filed by the City in the above captioned matter are hereby GRANTED.” Plaintiffs now appeal that August 14, 2015 judgment, which purportedly dismisses the plaintiffs’ case.
For the reasons that follow, we find that the judgment on appeal is not a valid, final, appealable judgment. Accordingly, we dismiss the appeal without ^prejudice and remand this matter to the trial court so that a valid final judgment may be rendered and signed.
FACTS AND PROCEDURAL HISTORY
In October 2014, the City of New Orleans issued a bulletin inviting individuals arid businesses to submit applications for certificates of public necessity and convenience (CPNC) to operate limousines in the City. The bulletin provides a list of CPNC applicant requirements and information. Both the bulletin and application advise CPNC applicants arid holders to réview Chapter 162 of the Code of the City of New Orleans regarding the requirements and regulations for CPNCs.
' On January 23, 2015, the Director of Safety and Permits for the City of New Orleans held a lottery for one hundred and fifty new CPNCs to operate limousines in the City. Over one hundred individuals and" businesses participated in the lottery and most participants were selected to continue with "the process for' obtaining a *424 CPNC. On that same date, plaintiff Alvin Moon made a public records request, pursuant to La. R.S. 44:1 et seq., for “copies of all new and amended applications, along with supporting documentation therefor [sic], for certificates of public necessity-filed with or submitted to the City of New Orleans during the period of October 3, 3014 through January 12, 2015.” On January 28, 2015, the Gity responded- to the public records request stating that the requested documents had been compiled and would be made available upon receipt of an administrative fee. ■
laOn February 3, 2015, plaintiff Alvin Moon filed suit against defendants alleging that the City.failed to comply fully with the public records request by withholding documentation of the fidelity bond required to be provided by applicants for a CPNC for limousines, pursuant to the Code of the City of New Orleans, § 162-189(a). In addition, plaintiff alleged that defendants improperly issued CPNCs, to applicants without the required proof of a fidelity bond. Plaintiff sought a writ of mandamus ordering the production of all documents responsive to the public records request and sought a preliminary and permanent injunction preventing the City from issuing any CPNCs for limousines to applicants who, at the time qf application, failed to submit proof of the fidelity bond required by the Code of the City of New Orleans.
On February 25, 2015, plaintiff Jerome Nealy filed a separate suit against defendants alleging that all, individuals and businesses chosen for CPNCs through the lottery failed to comply with .applicant requirements, including but not limited to the fidelity bond, pursuant to the Code of the City of New Orleans. Plaintiff in the second suit sought declaratory judgment declaring all applications submitted to the City from October 3, 2014 through January 12, 2015 defective and prohibited by the Code of the City of New Orleans. In addition, plaintiff sought the same preliminary and permanent injunctive relief as sought by plaintiff Alvin Moori in the first suit. Subsequently, plaintiffs filed a motion to consolidate the two suits, which the trial court granted on April 16, 2015.
|40n April 17, 2015, the City filed an opposition to plaintiffs’ petitions and peremptory exceptions qf no right of action, nonjoinder of a party, and no cause of action. By the peremptory exceptions, the City argued that plaintiffs were not applicants for CPNCs; plaintiffs had no interest in the outcome of the matter; plaintiffs had no standing to. bring suit against the City; plaintiffs failed to state a valid cause of action; and, accordingly, plaintiffs’ petitions should be dismissed.
On May 5, 2015, Taxicab Limited, Inc., filed a petition for intervention alleging that it had an interest in the consolidated action against the City and seeking injunc-tive relief in the form of a temporary restraining order and' preliminary and permanent injunction. In response to the petition for intervention, the City filed the same exceptions- as against plaintiffs’ petitions. The City also argued that the petition for intervention was impermissibly vague and improperly cumulates actions.
On July 1, ,2015, the trial court held a hearing on the peremptory exceptions qf no right of action, nonjoinder of a party, and no cause of action filed by the City. The trial court; heard arguments from each party on the peremptory exceptions of no right of action and nonjoinder of a party. As to the former, the trial court did not state a ruling; as to the latter, the trial court stated as'follows:
So. in terms of the Exception of Non-joinder of Indispensable Party, I would certainly grant that. And as such, I think that until such parties are advised *425 that they have to be part of this litigation, that matter can’t go forward. So on that basis I guess I’m dismissing the action.
The trial court then asked the attorney for the City to prepare a judgment “to that effect.” Prior to the signing of judgment, on July 17, > 2015, plaintiffs filed a motion Irfor appeal of the judgment rendered in open court, on July 1, 2015, “dismissing the instant matter.” The trial court granted the motion and signed the order for appeal on July 21, 2015. Subsequently, on August 14, 2015, the trial court signed‘the judgment' on appeal which states as follows: ■ -
This matter came on a hearing on the City’s exceptions on July 1,2015.
After considering the pleadings, evidence, arguments of counsel, and the law, the exceptions filed by the City in the above captioned matter are hereby GRANTED.
This timely appeal followed.
DISCUSSION
Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. See West Jefferson Medical Center Staff ex rel. Bornski v. State, 09-1365, p. 2 (La.2/26/10), 28 So.3d 257, 258; Boudreaux v. State, Dept. of Transp. and Development, 01-1329, p. 8 (La.2/26/02), 815 So.2d 7, 13. Importantly, we cannot reach the merits of an appeal unless our appellate court jurisdiction has been properly, invoked by a valid final judgment. See Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C., 14-0506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910; Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p. 12 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915.
“A judgment is the determination of the rights of the parties in an action and' may award any relief to which the parties are entitled.” La. C.C;P. art. 1841. A | «final judgment is one that determines the merits in whole or in part and is identified as such by appropriate language. La. C.C.P. arts'. 1841, 1918. “A final ap-pealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.” Mid City Holdings, 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, quoting Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927. “The'result decreed must be spelled out in lucid; unmistakable language. The quality of definiteness is essential to a proper judgment.” Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. “The specific relief granted should be determinable frote the judgment without reference to an ¿x-trinsic source such as pleadings or reasons for judgment.” Id.; see also Morgan v. Pardue, 15-149, p. 4 (La.App. 3 Cir. 10/7/15), 175 So.3d 1053, 1056; Gaten v. Tangipahoa Parish School System, 11-1133, p. 3 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074.
In the present case, the August 14, 2015 judgment from which plaintiffs appeal lacks definitive decretal language necessary for the exercise of our appellate jurisdiction. We cannot determine from the face of the judgment which “exceptions” have been ruled upon and whether the granting of one or all of those exceptions results in the dismissal'of all or some of plaintiffs’ claims. While reference to the transcript of the hearing suggests that the trial .court intended to dismiss the plain *426 tiffs' case, such relief was not granted in the written judgment; 00167any determination of the rights of the parties and the merits of the case must be evident from the language of the judgment without reference to other documents in the record. See Weatherly v. Sanchez, 15-0634, p. 5 n. 4 (La.App. 4 Cir. 11/25/15), 181 So.3d 218, 221-22 (“Our review of the trial judge’s final action is based upon the written judgment and not upon any dispositions made in reasons given, whether the reasons are oral or written.”) citing Wooley v. Lucksinger, 09-0571, p. 77 (La.4/1/11), 61 So.3d 507, 572. In the absence of decretal language specifying the matters ruled upon and the specific relief granted, the August 14, 2015 judgrnent cannot be considered a final, appealable judgment. Consequently, this court lacks jurisdiction to consider the merits of the appeal.[2] This appeal is dismissed without prejudice and the matter is remanded to the trial court for further proceedings. Once a final appealable judgment is signed, a new appeal may be filed with this Court.
DECREE
We dismiss the instant appeal without prejudice. This matter is remanded to the trial court for further proceedings consistent with this opinion.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED.

. See New Orleans Code of Ordinances, §§ 162-181, 162-189(a).

. When confronted with a judgment on áp-peal that is not final- and appealable, we are authorized to exercise our discretion to convert that appeal to an application for supervisory writs. See Mid City Holdings, 14-0506, pp. 3-4, 151 So.3d at 911; Stelluto v. Stelluto, 05-0074, p. 7 (La.6/29/05), 914 So.2d 34, 39. However, considering the indeterminate language and disposition in this matter, we have .decided not to exercise that discretion to convert the appeal to an application for supervisory writ.