JENKINS, J.,
DISSENTS WITH' REASONS
hi respectfully dissent. I find that the judgment on appeal is not a final, appeal-able judgment and, therefore, this court lacks jurisdiction to consider the merits of the appeal.
Before considering any appeal on the merits, the appellate, courts may address the issue of subject matter jurisdiction sua sponte, even when the issue is not raised by the parties. Moon v. City of New Orleans, 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 03/16/16), 190 So.3d 422, 425; West Jefferson Medical Center Staff ex rel. Boraski v. State, 09-1365, p. 2 (La. 2/26/10), 28 So.3d 257, 258. This Court cannot reach the merits of an appeal unless our appellate jurisdiction is, properly invoked by a valid final judgment. See Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C., 14-0506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910; Tomlinson v. Landmark American Ins. Co., 15-0276, p. 2 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 156.
“A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief .that is granted or denied.” Moon, 15-1092, p. 6 (La. App. 4 Cir., 03/16/16), 190 So.3d 422, 425, quoting Mid City Holdings, L.L.C., 14-0506, p. 2, 151 So.3d at 910. “The result decreed must be spelled out in | Jucid, unmistakable language. The quality of definiteness is essential to a proper judgment.” Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc., 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. The specific relief granted or denied should be determinable from the face of the judgment without reference to extrinsic sources such as pleadings or reasons for judgment. Id. Additionally, when there are multiple parties, the judgment must specifically identify the names of the parties to which the judgment applies. See id.; see also Oregan v. Cashio, 15-612, p. 5 (La.App. 5 Cir. 01/27/16), 185 So.3d 885, 887.
In the instant case, the. November 9, 2015 judgment from which the plaintiffs appeal lacks definitive decretal language necessary for the exercise of our appellate jurisdiction. The decretal language fails to specifically identify the plaintiffs against whom judgment was rendered, the defendants in favor of whom judgment was rendered, or the specific relief granted or denied.[1] In the absence of definitive decre-tal language rendering judgment on the quo warranto .petition, the November 9, 2015 judgment cannot be considered a final, appealable judgment.
Furthermore', I find that this Court cannot exercise its discretion to convert the .appeal into an application for supervisory writs because- the motion for appeal was *396 not filed within thirty days of the November 9, 2015 judgment. See Zeigler v. Housing Authority of New Orleans, 15-0626, p. 3 (La.App. 4 Cir. 3/23/16), 192 So.3d 175, 178; Uniform Rules—Courts of Appeal, Rule 4-3. Accordingly, I would dismiss the appeal.

. Cf. Crutcher v. Tufts, 04-0653, p. 7 (La.App. 4 Cir. 2/16/05), 898 So.2d 529, 533 ("In a quo warranto action, the defendant has the burden of showing by what authority he or she claims to hold office. If the court finds that burden is not met [.,.], it is required to render judgment forbidding, him or her from doing so. The court may also render judgment declaring who is entitled to office and, when necessary, directing an election be held.)(citations omitted).