Judge Sandra Cabrina Jenkins
Lin this spit for damages, plaintiffs appeal the trial court’s judgments granting defendants’ motion for summary judgment and denying plaintiffs’ motion for new trial. Finding that'our appellate jurisdiction has nót been properly invoked by a valid final judgment,' we dismiss the appeal without prejudice and remand this matter to the trial court.
FACTUAL AND PROCEDURAL BACKGROUND
This suit arises from a fire that occurred at the property of Thomas Bayer, located at 7418-7422 Maple Street, where he resides with Laura Kelley (collectively, “plaintiffs”). On April 23, 2014, employees of Cimarron Underground, Inc., were performing work on the gas meter on plaintiffs’ property when a gas line was cut, a gas explosion occurred, and a resulting fire damaged plaintiffs’ house. After the fire was extinguished, plaintiffs arrived at the house and viewed the damage. Thereafter, plaintiffs vacated the property for several weeks while repairs 'were made to the house.
li>On April 22, 2015, plaintiffs filed a petition for damages against Cimarron Underground, Inc., Starr Indemnity & Liability Company, Entergy New Orleans, Inc., En-tergy Louisiana, L.L.C., and Entergy Gulf States Louisiana, Inc. (collectively, “defendants”), alleging that defendants’ combined acts of negligence preceding the fire caused plaintiffs to sustain emotional and physical injuries, inconvenience, and loss of enjoyment of life.[1]
On April 27, 2016, defendants filed a motion for summary judgment seeking the dismissal of all of plaintiffs’, claims. On August 12, 2016, the trial court held a hearing on defendants’ motion for summary judgment, which the trial court orally granted. However, the trial court’s August 15, 2016 judgment with incorporated reasons for judgment decreed that “Plaintiffs Motion for Summary Judgment be DENIED.”[2] ...
*517 On September 26, 2016, the trial court signed an order setting aside and vacating its August 15, 2016 judgment and stating that, “this Court erroneously executed a judgment that was inapposite of the oral ruling and mistakenly identified the prevailing party on the Motion for Summary Judgment as the Plaintiff, as opposed to the Defendants.”[3] On that same date, the trial court ^rendered, an “amended” judgment and reasons for judgment, for the stated purpose of “correct[ing] errors contained in this court’s original judgment signed on August 15, 2016”, which decreed that “Defendants’ Motion for Summary Judgment be GRANTED.”
On September 29, 2016, plaintiffs filed a motion for new trial as to the trial court’s granting defendants’ motion for summary judgment. Following a hearing, the trial court rendered judgment on December 6, 2016, denying plaintiffs’ motion for new trial. Subsequently, plaintiffs filed a timely notice of appeal of the trial court’s December 6, 2016 judgment. This appeal followed.
JURISDICTION
Before reaching the merits of an appeal, this Court has a duty to determine, sua sponte, whether our appellate court jurisdiction has been properly invoked by a valid final judgment. Moon v. City of New Orleans, 15-1092, p. 6 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425; Tsegaye v. City of New Orleans, 15-0676, p. 3 (La App. 4 Cir. 12/18/15), 183 So.3d 705, 710; Delta Staff Leasing, LLC v. South Coast Solar, LLC, 14-1328 (La. App. 4 Cir. 9/23/15), 176 So.3d 668. “A valid judgment must be precise, definite, and certain. The decree alone indicates the decision. The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a proper judgment.” Urquhart v. Spencer, 15-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077, quoting Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p.13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916 (internal citations omitted). A valid final judgment must contain definitive decretal language. Moon, 15-1092, p. 6, 190 So.3d at 425; Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C., 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. Our jurisprudence holds that' the definitive decretal language necessary for a valid final judgment has three components: (1) it must name the party in favor of whom the ruling is ordered; (2) it must name the party against whom the ruling is ordered; and (3) it must state the specific relief that is granted or denied. Freeman v. Phillips 66 Company, 16-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440; Tsegaye, 15-0676, p. 3, 183 So.3d at 710; Mid City Holdings, 14-0506, p. 3, 151 So.3d at 910; Palumbo v. Shapiro, 11-0769, p. 5 (La. App. 4 Cir. 12/14/11), 81 So.3d 923, 927. “In the absence of the necessary decretal language, the judgment is not final and ap-pealable.” Urquhart, 15-1354, p. 3, 204 So.3d at 1077.
*518 Applying these principles to the instant case, we find that our appellate jurisdiction has not been properly invoked by a valid final judgment. The trial court’s September 26, 2016 judgment fails to identify the particular defendants in favor of whom summary judgment is granted, and it fails to state the specific relief granted. In a case with multiple defendants or plaintiffs, the failure to name the particular party in favor or against whom a ruling is ordered can render the judgment fatally defective if one cannot determine from its face the rights of each party and the relief to which the parties are entitled. See La. C.C.P. art. 1841; see also Urquhart, 15-1354, pp. 4-5, 204 So.3d at 1078. The relief granted or denied |fimust be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment. Moon, 15-1092, p. 6, 190 So.3d at 425-26. A judgment which merely decrees that defendants’ motion for summary judgment be granted, without stating what claims, issues, or parties are being disposed of or dismissed, lacks necessary decretal language and cannot be considered a valid final judgment. In re Medical Review Panel of Williams v. EMSA Louisiana, Inc., 15-1178, p. 2 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 423; Contreras v. Vesper, 16-318, p. 3 (La. App. 5 Cir. 10/19/16), 202 So.3d 1186, 1188. In the absence of a valid final judgment, this Court lacks appellate jurisdiction to review the merits of this matter.
In some cases, when confronted with a judgment on appeal that is not final and appealable, this Court has exercised its discretion to convert the appeal to an application for supervisory writs. However, considering the indeterminate language and disposition in this matter, we decline to exercise our supervisory jurisdiction to determine the merits of this case.[4] An adequate remedy by appeal will exist upon the entry of a valid final judgment containing the necessary decretal language. Therefore, we dismiss this appeal without prejudice and remand this matter to the trial court for further proceedings. Once a final appealable judgment is rendered, a new appeal may be filed with this Court.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED
LOBRANO, J., CONCURS IN THE RESULT

. Plaintiffs allege that Cimarron Underground, Inc. was contracted by Entergy New Orleans, Inc., Entergy Louisiana, LLC, and Entergy Gulf States Louisiana, Inc. to perform the work occurring at plaintiffs’ property on April 23, 2014, and that Starr Indemnity & Liability was the liability insurer for Cimar-ron Underground, .Inc, and/or Entergy New Orleans, Inc. at the time of the incident.

. The August 15, 2016 judgment also states incorrectly that the matter came for a hearing *517 on August 12, 2016, pursuant to “Plaintiff’s Motion for Summary Judgment.” The record reveals that defendants filed the motion for summary judgment heard on August 12, 2016, and plaintiffs did not file a motion for summary judgment in this matter.

. A judgment denying a motion for summary judgment is an interlocutory judgment. La. C.C.P. art. 968; Barber v. Russell, 08-1366, pp. 1-2 (La. App. 4 Cir. 4/1/09), 9 So.3d 1033, 1034. Prior to a final judgment, a trial court may, at its discretion, change the substance or the result of an interlocutory ruling. VaSalle v. Wal-Mart Stores, Inc., 01-0462, pp. 5-6 (La. 11/28/01), 801 So.2d 331, 334-35.

. Arguably, we lack any jurisdiction to review the trial court’s September 26, 2016 judgment because the plaintiffs’ notice of appeal only seeks an appeal from the trial court’s December 6, 2016 judgment denying plaintiffs’ motion for new trial; generally, the denial of a motion for new trial a non-appealable interlocutory judgment that may be considered as part of an unrestricted appeal from a final judgment. Here, there is no valid final judgment on appeal.