Judge Tiffany G. Chase
Plaquemines Parish Government (hereinafter "PPG"), seeks review of the trial court's June 18, 2018 judgment granting the motion for summary judgment filed by Byron Williams, Jr., Vernon Williams, Byron Williams, Sr., Vernon Williams Trucking Service, LLC and Byron and Vernon Enterprises, LLC (hereinafter "the defendants"). After consideration of the record before this Court, and the applicable law, we convert PPG's appeal to a writ; grant the writ; deny relief and affirm the judgment of the trial court.
Facts and Procedural History
PPG filed suit seeking damages, losses and return of public funds on October 25, 2016, and a supplemental and amending petition on November 3, 2016, naming Byron Williams, Jr., Vernon Williams, Byron Williams, Sr., Vernon Williams Trucking Service, LLC and Byron and Vernon Enterprises, LLC as defendants. PPG alleged that Byron Williams, Jr., in his position as public works director, violated the Governmental Employee Code of Ethics by directing parish work to Vernon Williams Trucking, LLC and Byron and Vernon Enterprises, LLC, companies affiliated with the Williams family. As this matter involves an alleged violation of state nepotism laws, a brief recitation of the entities and parties involved is germane. Vernon Williams was the owner of Vernon *1083 Williams Trucking, LLC[1] , co-owner of Byron and Vernon Enterprises, LLC[2] and uncle of Byron Williams, Jr. Byron Williams, Sr. was the co-owner of Byron and Vernon Enterprises, LLC and father of Byron Williams, Jr.
PPG argued that Byron Williams, Jr. improperly received parish funds through Byron and Vernon Enterprises, LLC and that he was improperly employed by Vernon Williams Trucking, LLC while still in his position as public works director. In support of its contentions, PPG attached a September 15, 2008 invoice from Byron and Vernon Enterprises, LLC, directed to PPG. It also attached the Louisiana Board of Ethics Disclosure schedule of employment information submitted by Bryon Williams, Jr. during his run for parish president in 2014. The petitions provided that Vernon Williams Trucking Service, LLC and Byron and Vernon Enterprises, LLC were improperly conducting business with PPG from 2007 until 2014, during the tenure of Byron Williams, Jr.[3]
PPG alleged that all the defendants committed fraud by authorizing and receiving payments in violation of the Plaquemines Parish Charter, Section 7.06(A)[4] , La. R.S. 42:1111 and 42:1112. PPG further alleged that Byron Williams, Jr. committed certain acts that perpetuated misuse of public funds for personal gain and that he, along with Vernon Williams Trucking, LLC and Byron and Vernon Enterprises, LLC, improperly received money, goods, material, labor and services from PPG. It also maintained that Byron Williams, Jr. participated in the process to select and approve vendors for PPG, authorized payment to his family businesses, and was improperly employed by Vernon Williams Trucking, LLC during his tenure as public works director.
On March 6, 2018, defendants filed a motion for summary judgment asserting that Byron Williams, Jr. did not violate the Code of Ethics of Government Employees and that the remaining defendants did not improperly receive government funds because they were not prohibited from doing business with PPG.
In support of its motion for summary judgment, defendants submitted affidavits from Bryon Williams, Jr., Byron Williams, Sr. and Vernon Williams. The affidavit from Byron Williams, Jr. attested that he became employed with Vernon Williams Trucking, LLC after his tenure as public works director. His affidavit also stated that the signature on the September 15, 2008 invoice was not his signature[5] and *1084 that he had no knowledge of the transaction described in the invoice. Byron Williams, Sr.'s affidavit provided that he was co-owner of Byron and Vernon Enterprises, LLC, with his brother Vernon Williams. His affidavit also attested that the September 15, 2008 invoice was sent to PPG in error and that Byron and Vernon Enterprises, LLC never did business with or received payment from PPG. Vernon Williams's affidavit explained that he was the sole owner of Vernon Williams Trucking, LLC and co-owner of Byron and Vernon Enterprises, LLC. The affidavit provided that Byron and Vernon Enterprises, LLC never did business with PPG, that the September 15, 2008 invoice was sent to PPG in error, was never paid and that only his signature appears on the invoice. Additionally, the defendants submitted the deposition of Thomas Serpas, chief financial officer of PPG, and the deposition transcript of Brenda Stanifer, director of purchasing for PPG.[6]
PPG's opposition memorandum and supplemental opposition memorandum to the motion for summary judgment maintained its position outlined in the petition for damages. It submitted various documents in opposition to the motion for summary judgment. Specifically, PPG submitted filing documents from the Louisiana Secretary of State for Vernon Williams Trucking, LLC and Byron and Vernon Enterprises, LLC.; the September 15, 2008 invoice to PPG from Byron and Vernon Enterprises, LLC; the 2014 Louisiana Board of Ethics Disclosure schedule of employment information submitted by Bryon Williams, Jr.; and the administration of operating and capital budgets in the charter for local self-government of Plaquemines Parish. Additionally, PPG provided the affidavit of Jurea LaFrance, former employee of PPG, who attested that she witnessed Byron and Vernon Trucking, LLC trucks working on a levee project while Byron Williams, Jr. was employed with PPG. It also submitted the affidavit of Edward Theriot, former president of PPG, who attested that Byron Williams, Jr. was responsible for reviewing and approving invoices during his time as public works director for PPG.
The defendants' motion for summary judgment was heard on June 7, 2018. A judgment was issued on June 18, 2018, granting the defendants' motion for summary judgment and dismissing PPG's claim with prejudice. The trial court found that based on the exhibits attached, there was no genuine issue of material fact and defendants were entitled to summary judgment as a matter of law. This appeal followed.
Appellate Jurisdiction
An appellate court has an independent duty to consider whether it has subject matter jurisdiction over the matter, even when the issue is not raised by litigants. See Urquhart v. Spencer , 2015-1354, p. 3 (La.App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (quoting Moon v. City of New Orleans , 2015-1092, 2015-1093, p. 5 (La.App. 4 Cir. 3/16/16), 190 So.3d 422, 425 ). A final, appealable judgment must contain the proper decretal language. The judgment must name the party against whom and the party in favor of whom the ruling is ordered, as well as the relief denied or granted. Id. (quoting Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C. , 2014-0506, p. 3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910 ).
*1085 The June 18, 2018 judgment does not indicate whether the judgment granting the motion for summary judgment is applicable to all or some of the defendants. Thus, we find the judgment fails to provide the requisite decretal language and, therefore, is not a final appealable judgment. However, this Court may exercise its supervisory jurisdiction and convert the appeal to an application for supervisory review when the appeal is filed within the thirty-day period allowed for an application for supervisory writ. Mid City Holdings, L.L.C. , 2014-0506, p. 4, 151 So.3d at 911. The motion for appeal in this case was filed within the thirty-day period. As such, we exercise our discretion and convert PPG's appeal to an application for supervisory writ.
Standard of Review
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo . In Chatelain v. Fluor Daniel Const. Co. , 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793, this Court set forth the applicable standard of review as follows:
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
Discussion
PPG argues that the trial court erred in granting the defendants' motion for summary judgment by improperly weighing evidence and making credibility determinations. La. C.C.P. art. 966(A)(3) provides that "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."
The applicable statutory authority provides that the initial burden of proof lies with the party moving for summary judgment. La. C.C.P. art. 966(D)(1). However, the burden to produce factual support sufficient to establish the existence of a genuine issue of material fact rests with the adverse party. Id. It is well settled that affidavits can be used to support or oppose a motion for summary judgment. La. C.C.P. art. 967(A) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein...." In light of the evidentiary documentation submitted, we must determine if PPG provided sufficient evidence to demonstrate genuine issues of *1086 material fact exist regarding claims that defendants improperly received money for parish related work.
The central issue before this Court is whether Byron Williams, Jr. violated the Code of Ethics of Government Employees. Although PPG asserts separate claims against the remaining defendants, PPG's claims are primarily rooted in the nepotism statutes. Its claims against Byron Williams, Jr. are based on his capacity as public works director and the claims against the remaining defendants are based on their affiliation with Byron Williams, Jr. during his tenure. In its petitions, PPG submits that Byron Williams, Jr. violated La. R.S. 42:1111 and La. R.S. 42:1112 and that the remaining defendants violated La. R.S. 42:1112. As such, we will address the claims separately.
Claims against Byron Williams, Jr.
At the onset, PPG argues that Byron Williams, Jr. violated La. R.S. 42:1111. The statute addresses payments to public servants. It provides that "no public servant shall receive anything of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities of his office or position." La. R.S. 42:1111(A).
PPG argues that Byron Williams Jr. violated La. R.S. 42:1111(A) by receiving money, while he was serving as public works director, as a result of the invoices paid to his family owned companies. However, PPG has failed to provide evidentiary support regarding its contention. It has not provided evidence of what economic benefit Byron Williams, Jr. improperly received during his tenure as public works director. Thomas Serpas, chief financial officer of PPG, and Brenda Stanifer, chief purchasing officer of PPG, testified in their depositions that the only checks made payable to Byron Williams, Jr. were related to his employment with PPG. Also, both individuals testified that a search of the records did not reveal any payments made to Byron and Vernon Enterprises, LLC. Additionally, Byron Williams, Jr. attested that he was not employed with Vernon Williams Trucking, LLC until after he left office. The defendants provided pay checks, made payable to Byron Williams, Jr. from Vernon Trucking, LLC, demonstrating that his employment with the company occurred after his employment with PPG concluded. Based on the record before this Court, Byron Williams, Jr. was not affiliated with Vernon Williams Trucking, LLC or Byron and Vernon Enterprises, LLC during his tenure as public works director and did not receive economic benefits from the companies while he was in office.
PPG also argues that Byron Williams, Jr. violated La. R.S. 42:1112, which provides that:
A. No public servant, except as provided in R.S. 42:1120, shall participate in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involving the governmental entity.
B. No public servant, except as provided in R.S. 42:1120, shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
(1) Any member of his immediate family....
La. R.S. 42:1102(13) defines a public servant's " 'immediate family'... [as] his children, the spouses of his children, his brothers and their spouses, his sisters and their spouses, his parents, his spouse and the parents of his spouse." PPG argues that Byron Williams, Jr. violated the applicable statute by approving invoices submitted, *1087 for parish work, by his family owned companies of which he holds an economic interest.
As discussed infra , only Byron Williams, Jr.'s conduct with regards to Byron and Vernon Enterprises, LLC could be a violation of the statute. The defendants produced evidence that Byron Williams, Jr. did not have knowledge of the submission of the September 15, 2008 invoice and that the invoice was intended to be submitted from Vernon Williams Trucking, LLC, not Byron and Vernon Enterprises. Furthermore, Vernon Williams attested that his signature appeared on the invoice, he notified PPG of the error, the September 15, 2008 invoice was returned to him and that invoice was never paid. As previously noted, Thomas Serpas and Brenda Stanifer testified that a search of the records did not reveal any payments made to Byron and Vernon Enterprises, LLC from PPG.
The record does not reflect that the September 8, 2015 invoice was actually paid. Additionally, during the hearing on the motion for summary judgment PPG acknowledged that a check, made payable to Byron and Vernon Enterprises, LLC, associated with the September 15, 2008 invoice, could not be located. PPG has failed to demonstrate what economic benefit Byron Williams, Jr. received. Additionally, it has not established that Byron Williams, Jr. improperly participated in a transaction with Byron and Vernon Enterprises, LLC. As such, we find no genuine issue of material fact as to a violation of La. R.S. 42:1111 and La. R.S. 42:1112 by Bryon Williams, Jr.
Claims against the remaining defendants
As to the remaining defendants, PPG maintains that they received economic benefits during the tenure of Byron Williams, Jr. because he approved invoices for parish work submitted from Vernon Williams Trucking, LLC and Byron and Vernon Enterprises, LLC. PPG argues that the remaining defendants participated in this conduct violates La. R.S. 42:1112. It maintains that it is entitled to reimbursement of public funds paid to the defendants as a result of the invoices submitted for work performed for the parish. We find this argument unpersuasive. La. R.S. 42:1112 prohibits certain conduct for a "public servant." In the case sub judice , the obligation to refrain from engaging in prohibited conduct under the statute lies with Byron Williams, Jr. The remaining defendants did not owe a duty to PPG under La. R.S. 42:1112.
Additionally, the September 15, 2008 invoice was signed by Vernon Williams, the uncle of Byron Williams, Jr. The other invoices in the record were submitted from Vernon Williams Trucking, LLC. As PPG concedes, since uncles are not included in the definition of "immediate family" as defined in La. R.S. 42:1102(13), no violation of the statute occurred with regards to Vernon Williams. Therefore, it was not unlawful for Vernon Williams Trucking, LLC to be paid for work performed for the parish while Byron Williams, Jr. was public works director.
Further, in order for there to be a violation of La. R.S. 42:1112, Byron Williams, Sr., Byron and Vernon Enterprises, LLC, or both, would have had to receive money from PPG while Bryon Williams, Jr. was public works director. PPG maintains that because Byron Williams, Sr., was listed as a registered agent for Byron and Vernon Enterprises, LLC, the defendants still violated the applicable statutes. As discussed supra , the defendants provided evidence that the invoice was submitted in error and never paid. Additionally, a search of the records produced only one check made payable to Byron Williams, Sr., which was for jury *1088 duty service. Therefore, Byron Williams, Sr. and Byron and Vernon Enterprises, LLC never received any compensation for work performed for the parish while Byron Williams, Jr. was public works director. Moreover, because the September 15, 2008 invoice was never paid to Byron and Vernon Enterprises, LLC, PPG failed to demonstrate that it suffered any harm. As such, we find that there was no violation of La. R.S. 42:1112 by the remaining defendants.
Conclusion
The trial court considered the evidence presented and determined that summary judgment was warranted. This conclusion was not in error. Based on the record before this Court, the September 15, 2008 invoice was never paid. The defendants submitted evidence, in the form of affidavits, establishing that the invoice was submitted in error and never paid. Further, PPG provided no evidence to show that the invoice was paid. We find PPG did not provide sufficient evidence to refute the defendants' motion for summary judgment. Thus, there is no genuine issue of material fact and summary judgment was appropriately granted. Accordingly, the appeal is converted to a writ. The writ is granted and the judgment of the trial court is affirmed.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED; JUDGMENT AFFIRMED

Vernon Williams Trucking, LLC was registered with the Secretary of State on February 4, 2004.

Byron and Vernon Enterprises, LLC was registered with the Secretary of State on January 17, 2006.

As of the date of the filing of the petitions, Vernon Williams Trucking, LLC and Byron and Vernon Enterprises, LLC were no longer valid companies. Thus, PPG sought to sue the owners in their individual capacity.

Plaquemines Parish Charter, Section 7.06: Administration of Operating and Capital Budgets, provides, in pertinent part, that:
(A)Any authorization of payment or incurring of obligation in violation of the provisions of this Charter shall be void and payment so made illegal; such action shall be cause for removal of any official, officer or employee who knowingly authorized or made such a payment or incurred such obligation or caused such payment...; such person shall also be personally liable for reimbursement, with interest, to the Parish government of any amount paid.

As explained below, the signature on the September 15, 2008 invoice was that of Vernon Williams.

The defendants also submitted correspondence to the attorney of record for PPG regarding the petition incorrectly listing Vernon Williams as the father of Byron Williams, Jr., an invoice from the defendants' attorney and PPG's responses to discovery.