| | | |
|---|---|---|
| **CHRISTOPHER T. STOW-SERGE** | * | NO. 2020-CA-0015 |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **SIDE BY SIDE REDEVELOPMENT, INC., 2320 DELACHAISE INC., AND MARITIME EXPERT SERVICES LLC** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01528, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Regina Bartholomew-Woods)


Christopher T. Stow-Serge
ODOM & DESROSHES, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130


      COUNSEL FOR PLAINTIFF/APPELLEE


J. Christopher Ford
ATTORNEY AT LAW
4480 General DeGaulle Drive
Suite 203
New Orleans, LA 70131


      COUNSEL FOR DEFENDANT/APPELLANT


**APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED
JUNE 10, 2020**

This is a dispute between two tax sale purchasers over ownership of immovable property located at 2320 Delachaise Street in New Orleans, Louisiana (the Property). Side by Side Redevelopment, Inc. (SBS),[1] the current possessor of the Property, appeals the trial court's partial summary judgment on the issue of ownership in favor of the Plaintiff, Christopher Stow-Serge, the most recent tax title purchaser. For the reasons that follow, we convert the appeal to an application for supervisory writ, and deny the writ.

**JURISDICTION**

Appellate courts have a duty to determine whether subject matter jurisdiction exists to entertain an appeal, even if the parties fail to raise the issue. *Moon v. City of New Orleans*, 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. This appeal is from a partial final judgment, a judgment declaring Plaintiff to be the owner of the Property. Although the judgment determines ownership interest, the judgment does not terminate the

---

[1] While the Appellant's brief lists both SBS and 2320 Delachaise, Inc. (an alleged successor-in-interest) as appellants, the motion and order for suspensive appeal reflects that only SBS appealed the trial court's judgment.

1

litigation between the parties. In particular, the reconventional demand filed by the Defendants, SBS and 2320 Delachaise, Inc., for reimbursement remains between the parties. The right to appeal the partial final judgment is governed by La. C.C.P. art. 1915(B).[2] Given the trial court's failure to designate the judgment as final pursuant to La. C.C.P. art. 1915(B), the partial final judgment is a non-appealable judgment. Nonetheless, this court has exercised its discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs when certain conditions are met.[3] Those conditions are met here. The motion for appeal was filed within thirty days of the date of the notice of judgment, and fundamental fairness and judicial efficiency warrant our exercising the discretion to do so. Accordingly, this appeal is converted to an application for supervisory writ.

---

[2] La. C.C.P. art. 1915(B)(1) states:

> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

[3] This Court has converted a non-appealable judgment to an application for supervisory writs when the following two conditions are met:

1) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal; and

2) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Mandina, Inc. v. O'Brien*, 13-0085, p. 8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104; *see also Stelluto v. Stelluto*, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39 (observing that "the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts").

## FACTUAL AND PROCEDURAL BACKGROUND

The Property has been the subject of tax sales and related litigation for more than a decade. The tax sale at issue in this case occurred on September 9, 2014, wherein Plaintiff acquired 100% interest in the Property by tax sale title. The tax sale certificate was executed and, later, recorded in the conveyance records on October 27, 2014.

On February 20, 2018, after the expiration of the three-year redemptive period,[4] Plaintiff filed a Petition to Quiet Title and for Declaratory Judgment. He named the following Defendants: 1) SBS; 2) 2320 Delachaise, Inc.; and 3) Maritime Expert Services, LLC. SBS and Maritime Expert Services were former tax sale purchasers.[5]

SBS and 2320 Delachaise, Inc. filed exceptions and an answer to the lawsuit. Additionally, they filed a reconventional and third party demand against Plaintiff and Maritime Expert Services to annul their tax sales and for reimbursement expenses. These two Defendants further filed a third party demand against the City of New Orleans for damages as well as reimbursement expenses. Meanwhile, Maritime Expert Services executed a quit claim deed in favor of Plaintiff and was dismissed from Plaintiff's lawsuit with prejudice.

---

[4] La. Const. Ann. art. VII, § 25(B)(1) states: "The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption."
[5] The Property was subject to three tax sales. It was initially owned by James and Barbara Brown. On December 9, 2003, when the Browns failed to pay property taxes, SBS acquired a Tax Sale Deed, took physical possession of the Property, and filed a *lis pendens*. When SBS failed to pay taxes, Maritime Expert Services purchased and, later, recorded its Tax Sale Deed on February 8, 2008. When Maritime Expert Services failed to pay taxes, Plaintiff acquired tax sale title at the 2014 tax sale.

3

Later, Plaintiff filed a motion for partial summary judgment seeking to quiet title, be declared 100% owner of the Property, and to cancel the *lis pendens* filed by SBS. After a hearing, the trial court granted partial summary judgment in favor of Plaintiff as to ownership and cancelled the *lis pendens* filed by SBS. SBS now challenges that judgment.

## DISCUSSION

While SBS raises numerous assignments of error, the only issue before this Court is whether the trial court erred in granting partial summary judgment confirming Plaintiff's ownership of the property through tax sale purchase. "Motions for summary judgment are reviewed *de novo* 'under the same criteria governing the trial court's consideration of whether summary judgment is appropriate.'" *Weddborn v. Doe*, 15-1088, p. 4 (La. App. 4 Cir. 5/4/16), 194 So.3d 80, 84 (internal quotation omitted). La. C.C.P. art. 966 (A)(3) provides that a motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."[6] The determination of whether a fact is material turns on the applicable substantive law. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

The fundamental issue in this case is whether the tax sale to Plaintiff was valid. Jurisprudence has long established that deprivation of property requires

---

[6] "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966.

notice and the opportunity to be heard. *Cent. Properties v. Fairway Gardenhomes*, *LLC*, 16-1855, p. 8 (La. 6/27/17), 225 So3d 441, 447. The United States Supreme Court recognized that an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id*. If the name and address of the interested party is reasonably ascertainable, notice by mail is a constitutional precondition to a matter affecting the property interest of a party. *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

The law at the time of the 2014 tax sale, La. R.S. 47:2121(C)(1), provides:

A tax sale confers on the tax sale purchaser … only tax sale title. If the tax sale title is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interest, claims, or encumbrances held by all duly notified persons…

Thus, in adherence with federal due process requirements, the statutory language creates a two-step process in order for title of the property to transfer ownership: 1) expiration of the redemptive period; and 2) notification of all required persons. It is well-recognized that the "the term 'tax sale' actually denotes that it is the tax lien that is purchased in the form of tax sale title, albeit with future rights of ownership after due notice to all 'tax sale parties' and the expiration of the redemptive period, as well as the filing of a suit to quiet title." *Cent. Properties*, 16-1855, p. 12, 225 So.3d at 449.

In its motion for summary judgment, Plaintiff attached a certified copy of the tax certificate, which is prima facie evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale. *See* La. R.S. 47:2155(B).[7] Thus, the burden shifted to SBS to establish the tax sale was not valid. Tax sales may no longer be attacked as absolute nullities. Instead, there are three statutorily enumerated challenges, which if proven, will nullify a tax sale certificate – a payment nullity, redemption nullity, or a nullity under La. R.S. 47:2162. *See* La. R.S. 47:2286; *Cent. Properties*, 16-1855, p. 12, 225 So.3d at 449; *Alpha Capital US Bank v. White*, 18-827, p. 7 (La. App. 1 Cir. 12/21/18), 268 So.3d 1124, 1129 (citations omitted). All relative nullities are capable of being cured. *Alpha Capital US Bank*, *supra*.

A redemption nullity is the only nullity challenge which may be applicable in this case. A "redemption nullity" is "the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period." La. R.S. 47:2122(10).

> "Duly notified" means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify; and to provide that person with a notice that meets the requirements of La. R.S. 47:2156, 2157, 2206, 2236, or 2275… , regardless of any of the following:
>
> a) Whether the effort resulted in actual notice to the person,
>
> b) Whether the one who made the effort was a public official or a private party.
>
> c) When, after the tax sale, the effort was made.

La. R.S. 47:2122(4).

---

[7] La. R.S. 47:2155(B) states: "A certified copy of the tax sale certificate is prima facie evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale."

La. R.S. 47:2156 provides the procedure for post-sale notice of the right to redeem. At the time of the tax sale, Subsection B provided:

> B. (1) For each property for which tax sale title was sold at tax sale to a tax sale purchaser, each collector shall within thirty days of the filing of the tax sale certificate, or as soon as practical thereafter, provide written notice to the following persons that tax sale title to the property has been sold at tax sale. The notice shall be sent by postage prepaid United States mail to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and whose interest was filed prior to the filing of the tax sale certificate.

> (2) The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed and shall be sufficient if in the following form[.]

The record in this matter reflects that the Plaintiff purchased the Property at a tax sale recorded on October 27, 2014. The affidavit of Bryan Barrios, Chief Executive Officer of Archon Information Systems, L.L.C., states that Archon conducted the sale at issue and was responsible to notify the interested parties. Archon identified SBS as an interested party and attempted to make calls as well as provided multiple notices by U.S. mail. On behalf of the City of New Orleans, tax collection division, Archon mailed a post-sale redemption notice to SBS on December 5, 2014, more than six months before the expiration of the redemptive period on October 27, 2017.

The notice was mailed by first-class, pre-paid U.S. postage to "Side By Side Redevelopment, Inc. C/O William W. Alden"[8] at 2930 Canal Street, Suite 401, New Orleans, Louisiana, which is the address registered with the Louisiana Secretary of State's Office. The post-tax sale notice included

---

[8] Dr. Alden is listed as the registered agent with the Louisiana Secretary of State's Office.

notice of the sale of 2320 Delachaise Street to Plaintiff for 2013 delinquent taxes. It listed the tax bill number 614322309 and recorded instrument number 04-16955. It further notified SBS of their right to redeem the property that would expire on October 27, 2017. It left a contact number for questions and an address and email address of a person with which they could redeem their property.

Under these undisputed facts, an effort meeting the requirements of due process of law to provide notice in accordance with La. R.S. 47:2156 was made. Thus, SBS was duly notified of its redemptive rights in accordance with La. R.S. 47:2122(4).

SBS argues that the post-sale redemptive notice was not sufficient for two reasons: 1) they did not actually receive the notice; and 2) the notice did not contain the amount of the taxes owed as required by La. R.S. 47:2156(B)(2).[9]

First, SBS argues that it did not actually receive the December 5, 2014 notice. In support of its argument, SBS points to the affidavit of Raqeul Wilbert, who stated that she worked the front desk for Suite 401. She further testified that since she was unaware SBS was owned by Dr. Alden; she did not deliver any mail addressed to SBS to Dr. Alden. While this argument appears to be disingenuous as the address caption on the letter included Dr. Alden by name, this fact is not material because actual notice to the person is not required under La. R.S. 47:2122(4).

_____

[9] SBS takes issue with several pre-sale notices that were sent to its registered address, one by certified mail. This issue is not pertinent as any deficiency in pre-sale notices can be cured by proper post-sale notice. *See* La. R.S. 47:2122(10); *Adair Asset Management, LLC v. Turney*, 50,574, p. 14 (La. App. 2 Cir. 5/14/16), 195 So.3d 501, 509. In addition, SBS had actual notice of the 2007 tax sale to Maritime Expert Services for failure to pay taxes as reflected by its 2008 filing of a petition to annul the sale. It argued that it was exempt from taxes due to being a non-profit. The suit was dismissed because SBS did not pay the taxes in protest. SBS did not pay any taxes for the next ten years.

Second, SBS argues that the notice was not legally sufficient because it did not state the amount of taxes due as set forth in La. R.S. 47:2156(B)(2). While SBS suggests that Section La. R.S. 47:2156 (B)(2) sets forth mandatory requirements, it is clear from the language in the statute and the 2008 comments that La. R.S. 47:2156(B)(2) is directory in nature and provides a safe harbor for compliance with the statutory mandates. Moreover, there is no penalty provided for failure to comply with the directives set forth in La. R.S. 47:2156 because it is not fatal to the legal sufficiency of the notice.

Generally, statutes using mandatory language prescribe the result to follow (a penalty) if the required action is not taken. If the terms of the statute are limited to what is required to be done, i.e., procedural rules, then the statute is considered directory even though mandatory language is employed. *Marks v. New Orleans Police Dep't*, 06-0575, p. 10 (La. 11/29/06), 943 So.2d 1028, 1035 (citations omitted). Provisions designed to secure order, system, and dispatch by guiding the discharge of duties are usually construed as directory even if worded in the imperative. *Id.*, 06-0575, p. 11, 943 So.2d at 1035.

Despite SBS's argument to the contrary, there is no dispute that an effort meeting the requirements of due process of law to provide notice in accordance with La. R.S. 47:2156 was made. The notice included the property listed, the notice of the sale, the notice of the right to redeem, information on how to redeem, notice of the date of expiration of that right, and the tax bill and instrument number by which to identify the amount owed. Thus, the notice was legally sufficient to meet with due process requirements under the law.

Given the redemptive period expired and SBS was duly notified of the tax sale and the expiration of the redemptive period, there is no genuine issue of

9

material fact as to the validity of the tax sale. Since there are no genuine issues of material fact precluding summary judgment as a matter of law, the trial court was correct in granting summary judgment as to Plaintiff's ownership interest. Accordingly, the writ application is denied.


**APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED**