| FRANK SCURLOCK | * | NO. 2024-CA-0455 |
| | | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| KURT HEITMEIER, ROBERT | * | |
| HEITMEIER AND EUSTIS | | FOURTH CIRCUIT |
| INSURANCE, INC. | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01440, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*
(Court composed of Chief Judge Roland L. Belsome, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

***BELSOME, C. J. DISSENTS WITH REASONS***

Gerald Wasserman
GERALD D. WASSERMAN, LLC
3939 North Causeway Boulevard
Suite 200
Metairie, LA 70002

      COUNSEL FOR PLAINTIFF/APPELLANT


Christopher K. Tankersley
Joseph J. Valencino, III
BURGLASS, TANKERSLEY, GAUDIN, PHAYER, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602

      COUNSEL FOR DEFENDANT/APPELLEE


**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY REVIEW; WRIT GRANTED; JUDGMENT AFFIRMED**


**February 4, 2025**

NEK

RDJ

Plaintiff-Appellant, Frank Scurlock, seeks review of the trial court's May 10, 2024 judgment granting Defendant-Appellee's, New Orleans Municipal Yacht Harbor Management Corporation, motion for summary judgment. For the reasons that follow, we convert this appeal into an application for supervisory review, grant writ, and affirm the trial court's judgment.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Frank Scurlock ("Scurlock") entered into a lease agreement with New Orleans Municipal Yacht Harbor Management Corporation ("Yacht Harbor") for certain riparian rights along the shores of Lake Pontchartrain at the address 7816 Breakwater Drive, New Orleans, LA 70124. Located at that address, and encompassed within the lease agreement, is a preexisting structure designated as Boathouse No. 30. Scurlock uses Boathouse No. 30 as his primary residence and alleges that he has performed extensive renovations on the property. Boathouse No. 30 shares common wall boundaries and pilings with two other preexisting structures—Boathouses Nos. 29 and 31.

On February 17, 2021, Scurlock filed a *Petition for Damages* against his neighbor at Boathouse No. 29, Kurt Heitmeier ("Heitmeier"). In the petition,

1

Scurlock alleges that Heitmeier performed unsanctioned renovations to Boathouse No. 29 that caused damage to Scurlock's property. Scurlock subsequently filed a *First Supplemental and Amending Petition for Damages* on May 4, 2022, adding Yacht Harbor as a defendant. Therein, Scurlock alleges that Yacht Harbor acted negligently in issuing a building permit to Heitmeier and failing to cancel Heitmeier's lease when he built outside the parameters of the approved building plans.

Yacht Harbor filed a *Motion for Summary Judgment* on February 9, 2024, seeking to be dismissed on the basis of public entity immunity under La. R.S. 9:2798.1. The trial court heard and granted Yacht Harbor's motion on April 26, 2024, and rendered a written judgment on May 13, 2024. This appeal followed.

## JURISDICTION

Before discussing the merits of this appeal, we must address a jurisdictional issue. Appellate courts have a duty to determine whether their appellate jurisdiction has been invoked by a valid final judgment. *Commodore v. City of New Orleans*, 2019-0127, p. 5 (La. App. 4 Cir. 6/20/19), 275 So. 3d 457, 463 (citations omitted). In order for a judgment to be considered a valid final judgment, it must contain specific decretal language. *Urquhart v. Spencer*, 2015-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So. 3d 1074, 1077 (citation omitted). The decretal language must spell out "in definite, unmistakable language the result being decreed," and "[t]he specific relief granted must be apparent on the face of the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Embrace Home Loans, Inc. v. Burl*, 2018-0321, p. 4 (La. App. 4 Cir. 9/19/18), 318 So. 3d 86, 88-89 (citations omitted). The necessary decretal language states (1) the party in favor of whom the ruling is ordered; (2) the party against whom the ruling

is ordered; and (3) the specific relief that is granted or denied. *Bayer v. Starr Int'l Corp.*, 2017-0257, p. 4 (La. App. 4 Cir. 8/15/17), 226 So. 3d 514, 517 (citations omitted).

On May 10, 2024, the trial court issued a judgment that decreed, "Defendant's Motion for Summary Judgment is hereby granted." On the face of the judgment and without looking to any extrinsic source, we are unable to determine whether all or a portion of Scurlock's claims against Yacht Harbor were dismissed and whether such a dismissal was with or without prejudice. As this Court has noted before, "[a] judgment which merely decrees that defendants' motion for summary judgment be granted, without stating what claims, issues, or parties are being disposed of or dismissed, lacks necessary decretal language and cannot be considered a valid final judgment." *Bayer*, 2017-0257, p. 5, 226 So. 3d at 518 (citations omitted).

Finding the judgment deficient, we ordered the trial court to supplement its judgment to make it final and appealable pursuant to La. C.C.P. art. 1918.[1] Thereafter, the trial court issued an amended judgment which added the following decree, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment is a final judgment pursuant to La. Code Civ. Pro. Art. 1915(B) as there is no just reason for delay."[2] We find the amended judgment does not cure the

---

[1] Louisiana Code of Civil Procedure article 1918(A) states, "If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court."

[2] Louisiana Code of Civil Procedure article 1915(B)(1) provides:
> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, ... the judgment shall not constitute a final judgment unless it is designated

decretal language issue. Notably, the amended judgment still does not decree whether all or a portion of Scurlock's claims are dismissed and whether the dismissal is with or without prejudice.

When an appeal is taken from a judgment that is not final and appealable, the appellate court has the discretion to convert the appeal into an application for supervisory review. *Embrace Home Loans*, 2018-0321, p. 5, 318 So. 3d at 89 (citation omitted). Appellate courts will typically exercise this discretion if (1) the motion for appeal was filed within the thirty-day period for filing an application for supervisory review under Rule 4-3 of the Uniform Rules, Courts of Appeal, and (2) an immediate decision of the issue will ensure fundamental fairness and judicial efficiency by terminating the litigation. *See e.g., Joseph v. Wasserman*, 2017-0603, p. 8 (La. App. 4 Cir. 1/10/18), 237 So. 3d 14, 20 (citation omitted); *see also Whitney Nat'l Bank v. Rockwell*, 1994–3049, p. 6 (La.10/16/95), 661 So. 2d 1325, 1329 n. 3; *see also Herlitz Constr. Co. v. Hotel Inv. of New Iberia, Inc.*, 396 So. 2d 878 (La. 1981).

Here, Scurlock filed his motion for appeal within thirty days of the trial court's issuance of its notice of judgment and within the deadline to apply for supervisory review. Further, as will be discussed later in this opinion, there are no genuine issues of material fact, and our consideration will terminate the litigation against a party. *See Tsegaye v. City of New Orleans*, 2015-0676, p. 6 (La. App. 4 Cir. 12/18/15), 183 So. 3d 705, 711 (exercising supervisory jurisdiction over a judgment granting summary judgment because it terminated litigation against a

---

as a final judgment by the court after an express determination that there is no just reason for delay.

4

party). Thus, under these circumstances, we find it appropriate to exercise our discretion and convert this appeal into an application for supervisory review.

## ASSIGNMENTS OF ERROR

Scurlock raises seven assignments of error on appeal. Each raised error relates to the same issue—whether the trial court erred in granting Yacht Harbor's motion for summary judgment.

## STANDARD OF REVIEW

The appellate court reviews a lower court's decision to grant summary judgment under a *de novo* standard using the same criteria as the lower court to reach its decision. *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 2022-0538, p. 4 (La. App. 4 Cir. 1/18/23), 357 So. 3d 445, 447 (citation omitted). Under this review, the appellate court gives no deference to the judgment or reasons of the lower court. *Strategic Cap. Holdings, LLC v. Bennett*, 2021-0672, p. 3 (La. App. 4 Cir. 7/29/22), 366 So. 3d 255, 258 (citation omitted).

## DISCUSSION

Summary judgment motions are meant "to secure the just, speedy, and inexpensive determination of every action," and are favored under the law. La. C.C.P. art. 966(A)(2). A summary judgment motion shall be granted if the motion and admissible, supporting evidence show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. *Id*. 966(A)(3). A genuine issue is an issue on which reasonable persons could disagree, and a material fact is one whose existence or non-existence may be essential to the outcome of the case. *Jones v. Boot Bar & Grill*, 2022-0154, p. 14 (La. App. 4 Cir. 10/5/22), 350 So. 3d 968, 979 (citation omitted). In reaching its determination, the court may only consider the appropriate documents filed in support or opposition

5

to the summary judgment motion and to which no proper objection has been made. *See* La. C.C.P. art. 966(A)(4) and (D)(2). However, in determining the issue, the court "cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Strategic Cap. Holdings*, 2021-0672, p. 3, 366 So. 3d at 258 (citation omitted).

The mover bears the burden of proof on a motion for summary judgment "but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial." *Cosey*, 2022-0538, p. 5, 357 So. 3d at 448 (citing La. C.C.P. art. 966(D)(1)). Rather, when the mover will not bear the burden at trial, the mover need only point out the absence of factual support for one or more elements essential to the adverse party's action. *Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39 (citation omitted); La. C.C.P. art. 966(D)(1). In this case, Yacht Harbor sought to have the claims against it dismissed based on the affirmative defense of public entity immunity. Since Yacht Harbor raised an affirmative defense, it bore the burden of proving the elements of that defense and showing it was entitled to immunity.

La. R.S. 9:2798.1(B) provides, "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." A public entity, for purposes of immunity, includes "political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions." La. R.S. 9:2798.1(A).

In determining whether a public entity is entitled to immunity, courts must apply a two-step test. *Johnson v. Orleans Par. Sch. Bd.*, 2006-1223, p. 14 (La.

App. 4 Cir. 1/30/08), 975 So. 2d 698, 709; *Aucoin v. Larpenter*, 2020-0792, p. 13 (La. App. 1 Cir. 4/16/21), 324 So. 3d 626, 637. First, the court should determine whether the entity is mandated by a statute, regulation, or policy to take a certain action. *Johnson*, 2006-1223, p. 14, 975 So. 2d at 709. If the entity is mandated to take a certain course of action, then it does not have discretion, and the immunity does not apply. *Id*. at p. 14, 975 So. 2d at 709-10. Conversely, if discretion is allowed, the court must next determine whether that discretion is grounded in social, economic, or political policy. *Aucoin*, 2020-0792, pp. 13-14, 324 So. 3d at 637-38 (citation omitted).

In its motion, Yacht Harbor argued it was a public entity as defined under La. R.S. 9:2798.1, and its alleged negligent acts were decisions grounded in social and economic activity subject to immunity. To support its motion, Yacht Harbor provided the following—(1) its Articles of Incorporation, (2) its lease agreement with Scurlock, (3) the Certificate of Compliance issued for Boathouse No. 29, and (4) an affidavit from its Office Manager and Accountant verifying the previous documents.

The Articles of Incorporation show that Yacht Harbor is a nonprofit, public entity tasked with operating and maintaining the Municipal Yacht Harbor Properties for the City of New Orleans. The lease agreement contains several provisions that reserve the right for Yacht Harbor to choose how to manage the leased properties. For instance, in a section titled *Default*, the lease provides that Yacht Harbor has the right to cancel the lease and, "in the event [Yacht Harbor] exercises the right to cancel [the] Lease," then it may take immediate control of the leased premises. Another section titled *Lessor's Right to Cure Lessee Defaults* states, "If Lessee fails to perform any covenant or agreement set forth herein or in

7

any way defaults under or breaches any provision or terms of this lease… [Yacht Harbor] may, but shall not be obligated to, perform such covenant or agreement or cure such default or breach….” The plain language of the lease agreement shows that Yacht Harbor has the discretion to enforce its terms. Finally, the lease agreement requires that a lessee present any proposed building plans to Yacht Harbor for approval prior to obtaining a building permit. However, both the lease agreement and the Certificate of Compliance make clear that the New Orleans Department of Safety and Permits is the entity that will make the final decision on issuing building permits.

In light of the above, we find Yacht Harbor submitted sufficient summary judgment evidence to establish that it was entitled to public entity immunity under La. R.S. 9:2798.1. Therefore, the burden shifted to Scurlock to show that a genuine issue of material fact remained to preclude summary judgment. In his opposition, Scurlock did not dispute that Yacht Harbor is a public entity for the purpose of La. R.S. 9:2798.1. Rather, Scurlock disputed whether Yacht Harbor had the discretion to terminate Heitmeier's lease.

To support his opposition, Scurlock attached the approved plans for Heitmeier's renovation, several expert reports, Yacht Harbor's alterations application, and various communications from Yacht Harbor. Yacht Harbor moved to strike Scurlock's exhibits for failure to comply with La. C.C.P. art. 966(A)(4)(a), and the trial court struck the majority of Scurlock's exhibits.[3] The

---

[3] Louisiana Code of Civil Procedure article 966(A)(4)(a) provides:
> The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged,

only exhibits that remained in opposition to Yacht Harbor's motion for summary judgment were the affidavit and expert report of Michael Cenac, a professional engineer and the president of Contemporary Engineering Services, Inc. In these documents, Mr. Cenac opines that Heitmeier's renovations deviated from the originally approved plans for the construction and that the extra weight from the construction compromised the pillars supporting the Boathouses. Neither of these documents address whether Yacht Harbor had the discretion to terminate Heitmeier's lease. Furthermore, even if Scurlock's other exhibits had not been excluded, none of the documents rebutted Yacht Harbor's evidence showing it had the discretion to enforce the terms of the lease. At most, the documents show that Yacht Harbor threatened to evict Heitmeier, not that it was obligated to do so. Thus, Scurlock failed to show that a genuine issue of material fact remained for trial, and summary judgment was proper in this matter.[4]

---

promissory notes and assignments thereof, written stipulations, and admissions.

[4]The Dissent argues that the determination of whether Yacht Harbor's actions were discretionary in nature is a question of fact that must be determined at trial. While such a question may typically be determined at trial, to hold that the question must go to trial when a party fails to support the issue on summary judgment would disregard the express purpose of La. C.C.P. art. 966 and the summary judgment procedure.

Louisiana Code of Civil Procedure article 966(A)(3) mandates that "a motion for summary judgment *shall* be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to *material* fact and that the mover is entitled to judgment as a matter of law." (Emphasis added). A fact is material if its existence or non-existence will "insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Smith v. Our Lady of the Lake Hosp., Inc.*, 1993-2512, p. 27 (La. 7/5/94), 639 So. 2d 730, 751 (citation omitted).

As already discussed herein, Yacht Harbor's motion and evidence in support set forth a *prima facie* case for immunity. Thus, the burden shifted to Scurlock to show that a genuine and material issue of fact remained regarding specifically as to whether Yacht Harbor was entitled to immunity. La. C.C.P. art. 966(D)(1); La. C.C.P. art. 967(B). Yet, Scurlock failed to show through competent summary judgment evidence that Yacht Harbor's decision was not discretionary in nature

**DECREE**

In light of the foregoing reasons, we convert Scurlock's appeal into an application for supervisory review, grant the writ application, and affirm the trial court's judgment.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY
REVIEW; WRIT GRANTED; JUDGMENT AFFIRMED**

---

and that Yacht Harbor was not entitled to public immunity under La. R.S. 9:2798.1. The only competent summary judgment evidence introduced opined that Heitmeier's deviations from the approved building plans caused damage to the shared pilings for the Boathouses. The mere fact that Heitmeier may have violated his lease does not mean that Yacht Harbor did not have the discretion in deciding how to handle the violation.

Thus, in this case, we are bound by the mandates of La. C.C.P. art. 966 to affirm the trial court's judgment granting summary judgment in favor of Yacht Harbor.